# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 21-40805
Summary Calendar

Irma Garza,

*Plaintiff—Appellee*,

*versus*

Mayor Richard Molina; Council Member David Torres;
Council Member Jorge Salinas; Gilbert Enriquez,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CV-267

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Appellee Irma Garza brought this § 1983 action against the City of
Edinburg, its mayor (Richard Molina), two current city council members
(Jorge Salinas and David Torres), and one former city council member

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

(Gilbert Enriquez). Garza alleges that she was fired from her position as the City of Edinburg's Director of Public Information at the direction of Molina and the three council members. She argues that the firing occurred because she was not a member of Appellants' political faction, in violation of her First Amendment rights to speech and association.

Appellants Molina, Torres, Salinas, and Enriquez moved for summary judgment, arguing that the evidence does not support Garza's claim and that they are entitled to qualified immunity. The district court granted summary judgment as to the speech claim, but otherwise denied the motion. Molina, Torres, Salinas, and Enriquez timely appealed.

The only issue properly before us in this interlocutory appeal is whether Appellants are entitled to qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985) (holding that denials of summary judgment on qualified immunity grounds may be appealed under the collateral order doctrine). Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (internal quotation marks and citation omitted). In such cases, we draw all reasonable inferences in the nonmovant's favor, but "the burden shifts to the plaintiff to show that the defense [of qualified immunity] is not available." *Id.* The qualified immunity analysis consists of two parts: (1) "whether the [defendant's] alleged conduct has violated a federal right," and (2) "whether the right in question was 'clearly established' at the time of the alleged violation, such that the [defendant] was on notice of the unlawfulness of his or her conduct." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc).

No. 21-40805

Much of Appellants' briefing focuses on factual disputes, arguing that they did not violate a constitutional right because Garza's allegations are factually wrong. However, we lack jurisdiction to resolve that portion of the dispute. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995) (holding "that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial"); *accord Petta v. Rivera*, 143 F.3d 895, 898 (5th Cir. 1998) (per curiam) ("[W]hen a district court denies a qualified immunity defense based on its determination that the summary judgment record raises a genuine issue of fact concerning the applicability of the defense, such order is not immediately appealable under the collateral order doctrine."). We therefore dismiss the appeal as to the "genuine issue of fact" issues.

On the other hand, we have jurisdiction over the purely legal issue where the "facts are as asserted by the plaintiff" but the question is whether such facts demonstrate a constitutional violation that is clearly established. *See Mitchell*, 472 U.S. at 527. If, as Garza's version of the facts support, she was fired because she did not belong to Appellants' political faction and such affiliation is not relevant to her position, then Appellants have committed a paradigmatic First Amendment violation that is clearly established. *Cf. Branti v. Finkel*, 445 U.S. 507, 519 (1980) ("[I]t is manifest that the continued employment of an assistant public defender cannot properly be conditioned upon his allegiance to the political party in control of the county government."). It does not, despite Appellants' argument to the contrary, take a "constitutional scholar" to know that. *See Jordan v. Ector County*, 516 F.3d 290, 294–95 (5th Cir. 2008) ("It is now a rote principle of constitutional law that public employees do not surrender all their First Amendment rights by reason of their employment." (internal quotation marks and citation

3

No. 21-40805

omitted)).  Accordingly, we conclude that, at this time, the district court properly denied summary judgment on this issue.

As a result, we AFFIRM IN PART, and DISMISS IN PART.